**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-00118-REB-BNB

RALPH GAMBINA,

    Plaintiff,

v.

MICHAEL DEVER, and
FRANK CHAVARRIA,

    Defendants.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J**

This matter is before me on **Defendant Chavarria's Motion for Summary Judgment** [#50], filed July 1, 2005. I deny the motion.

### I.  JURISDICTION

I have federal question jurisdiction over this case under 28 U.S.C. § 1331.

### II.  ANALYSIS

#### A.  Eighth Amendment Claim

I have carefully reviewed defendant, Frank Chavarria's, motion, the plaintiff, Ralph Gambina's, response, and Chavarria's reply.  Based on that review, I discern one or more genuine issues of material fact relevant to the plaintiff's Eighth Amendment claim, in which the plaintiff alleges that the Chavarria used excessive force against Gambina.  The existence of one or more genuine issues of material fact precludes the entry of summary judgment on these claims.  FED. R. CIV. P. 56(c).

## B.  Qualified Immunity

Chavarria argues also that he is entitled to summary judgment because he is entitled to qualified immunity under applicable law.  A motion for summary judgment asserting the defense of qualified immunity must be reviewed differently from other summary judgment motions.  **Holland v. Harrington**, 268 F.3d 1179, 1185 (10th Cir.2001), cert. denied, 535 U.S. 1056 (2002).  After a defendant asserts qualified immunity, the burden shifts to the plaintiff.  **Scull v. New Mexico**, 236 F.3d 588, 595 (10th Cir.2000).  The plaintiff must first establish "that the defendant's actions violated a constitutional or statutory right."  **Albright v. Rodriguez**, 51 F.3d at 1531, 1534 (10th Cir. 1995); **Wilson v. Layne**, 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right).  If the plaintiff establishes a violation of a constitutional or statutory right, he must then demonstrate that the right at issue was clearly established *at the time* of the defendant's alleged unlawful conduct.  **Albright**, 51 F.3d at 1534.  In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right."  **Wilson v. Layne**, 526 U.S. at 615.

If the plaintiff satisfies both of these elements, the burden shifts to the defendant. Unless the defendant demonstrates that there is no disputed issue of material fact relevant to the immunity analysis, a motion for summary judgment based on qualified immunity must be denied.  **Salmon v. Schwarz**, 948 F.2d 1131, 1136 (10th Cir.1991). If the plaintiff fails to satisfy either part of the two-pronged inquiry, then the court must

grant qualified immunity.  ***Albright***, 51 F.3d at 1535.  In short, although the court must review the evidence in the light most favorable to the plaintiff, the record must clearly demonstrate that he has satisfied his heavy two-part burden.  In civil rights cases, a defendant's unlawful conduct must be demonstrated with specificity.  ***Davis v. Gracey***, 111 F.3d 1472, 1478 (10th Cir. 1997).   Defendants are entitled to avail themselves of the doctrine's protections in "all but the most exceptional cases."  ***Tonkovich v. Kansas Board of Regents***, 159 F.3d 504, 516 (10th Cir. 1998).

Defendant Chavarria is a prison guard, and plaintiff Gambina is a prison inmate.  Gambina alleges that Chavarria violated Gambina's Eighth Amendment rights when Chavarria used excessive physical force against Gambina.  The United States Supreme Court repeatedly has held that "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  ***See, e.g., Whitley v. Albers***, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted).  The use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious injury.  ***Hudson v. McMillian***, 503 U.S. 1, 4 (1992).  To establish an Eighth Amendment violation based on a guard's use of excessive force, the plaintiff must show that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and that the defendant officials acted with a sufficiently culpable state of mind.  ***Id***. at 6-10.  The plaintiff must show that the defendant applied force "maliciously and sadistically for the very purpose of causing harm."  ***Farmer v. Brennan***, 511 U.S. 825, at 835 (1994) (internal quotation marks and citations omitted).

Gambina alleges that the defendants used excessive force against him on

3

August 27, 1998. On that date, the law was clearly established that a prison guard's unnecessary use of physical force against an inmate, done for the very purpose of causing harm, violates the inmate's Eighth Amendment rights. Viewing the facts in the record in the light most favorable to Gambina, as I must, I conclude that Gambina has presented evidence that would permit a reasonable fact finder to conclude that Chavarria used excessive force against Gambina, that Chavarria acted with a sufficiently culpable state of mind, and that the harm allegedly suffered by Gambina was sufficient to establish an Eight Amendment violation. Gambina has satisfied the two prong burden imposed on him by Chavarria's assertion of the qualified immunity defense. Chavarria has not demonstrated that there are no genuine issues of material fact on these issues.

### III.  ORDER

**THEREFORE, IT IS ORDERED** that **Defendant Chavarria's Motion for Summary Judgment** [#50], filed July 1, 2005, is **DENIED**.

Dated this 6th day of January, 2005.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

4