**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-00118-REB-BNB

RALPH GAMBINA,

      Plaintiff,

v.

MICHAEL DEVER, and
FRANK CHAVARRIA,

      Defendants.

---

**ORDER DENYING PLAINTIFF RALPH GAMBINA'S FORTHWITH MOTION TO
AMEND FINAL PRETRIAL ORDER AND PERMIT ADDITIONAL WITNESSES**

---

**Blackburn, J**

      The matter before me is **Plaintiff Ralph Gambina's Forthwith Motion To
Amend Final Pretrial Order And Permit Additional Witnesses** [#77] filed February 3,
2006.[1] I deny the motion on both procedural and substantive grounds. This written
order is entered to reiterate, expatiate, and supplement the findings of fact, conclusions
of law, and orders entered by me from the bench in open court during mid-trial
proceedings conducted February 13, 2006.

      In fashioning my ruling I have judicially noticed all relevant adjudicative facts in
the file and record of this action *pro tanto*, I have considered all relevant evidence
presented by plaintiff during his case in chief, and I have considered all reasons stated,
all arguments advanced, and all authorities cited by the parties in their papers and

---

[1] Although plaintiff's motion initially identified two putative inmate witnesses, plaintiff withdrew
his request as to inmate witness, John Condon.

during oral argument. I have considered and applied the principles enunciated in

*Davey v. Lockheed Martin Corp.*, 301 F.3d 1204 (10th Cir. 2002), and *Palace*

*Exploration Co. v. Petroleum Development Co.,* 316 F.3d 1110, 1117 (10th Cir. 2003).

Procedurally, the motion 1) is inexplicably and inexcusably filed out of time; and

2) does not conform to REB Civ. Practice Standard II.H1, which governs pretrial

requests to present testimony by telephone or videoconferencing.

Substantively, the motion 1) comes as an unreasonable surprise to defendants;

2) is unreasonably prejudicial to defendants; 3) can not reasonably be cured by a

continuance of the trial; 4) constitutes the needless presentation of cumulative

evidence within the meaning of Fed.R.Evid. 403, and the needless consumption of time

within the meaning of Fed.R.Evid. 611(a)(2); and 5) has been waived as to use of this

witness during the plaintiff's case in chief. I address each in turn.

First, the motion constitutes unreasonable surprise 1) because the identity and

testimony of plaintiff's witness was not disclosed to defendants until February 3, 2006;

and 2) because the testimony to be presented is not proper rebuttal evidence.[2]   The

identity of this witness and a summary of his anticipated testimony was due by no later

than entry of the **Final Pretrial Order** [#60] entered September 1, 2005. Additionally,

the issue of this inmate witness could and should have been raised and addressed by

plaintiff by no later than the Trial Preparation Conference held on January 27, 2006. It

was not.

---

[2] If properly admissible as rebuttal evidence, then the requirements for timely pretrial disclosure
would be inapposite, and the plaintiff's motion to amend would be unnecessary.

Further, the inmate witness is not a proper rebuttal witness.  Plaintiff principally seeks to call this witness to testify about what he heard the parties say to each other during the altercation. Specifically, plaintiff expects this witness to testify consistent with his affidavit or declaration about what plaintiff and defendants said to each other. Rebuttal evidence is properly limited to evidence offered in response to some point raised for the first time by the defendants' evidence. **McCormick on Evidence** (5th Edition) § 4. Here, the plaintiff, not the defendants, first raised the issue of statements traded between plaintiff and defendants. Thus, the issue is not appropriate for rebuttal evidence.

Second, the timing of and relief requested in the motion is unreasonably prejudicial to defendants. By filing the motion on the eve of trial, defendants are effectively denied a reasonable opportunity to investigate the inmate witness, his expected testimony, and related circumstances.

Third, the surprise and prejudice inherent to the motion may not be effectively extenuated by a continuance, because such a cure would be worse than the proverbial disease. Based on my review of my professional calendar and docket, it would be in excess of a year before trial could commence if continued. This is a case that cries out to be tried. The alleged incident made the focus of the trial occurred on August 27, 1998. This is the second civil action brought by plaintiff against defendants in connection with this incident.[3]  A lengthy continuance of an already aged case would

---

[3] The first civil action was filed as 98-cv-02536-REB-BNB was dismissed without prejudice on August 23, 2002, to allow plaintiff an opportunity to exhaust administrative remedies as required by law.

only exacerbate, not ameliorate, any prejudice, stress, and expense to any party inherent to the passage of time.[4]

Fourth, the testimony expected to be elicited from plaintiff's putative witness would be practically identical to the testimony already presented by plaintiff. Given the time requested by the parties and allocated by the court for the trial of this case, the probativity of essentially a second presentation of the same evidence, albeit by a different witness, would be substantially outweighed by the consideration of the needless presentation of cumulative evidence and involve inherently the needless consumption of time. *See* **Fed.R.Evid 403 and 611(a)(2)**.

Finally, plaintiff rested his case in chief without first requesting that the court resolve this pending motion or without first attempting to call the witness himself.[5] Thus, plaintiff has waived the use of this witness during plaintiff's case in chief. However, plaintiff has suffered no discernible prejudice since the evidence sought to be presented through this inmate witness was, in fact, presented by plaintiff himself.[6]

**THEREFORE, IT IS ORDERED** that **Plaintiff Ralph Gambina's Forthwith Motion To Amend Final Pretrial Order And Permit Additional Witnesses** [#77] filed February 3, 2006, **IS DENIED**.

Done in chambers February 14, 2006, to reiterate, expatiate, and supplement

---

[4] I stop just short of taking judicial notice that almost always memories deteriorate, not improve, with the passage of time and that this almost inevitable deterioration is proportionate to the elapsed time.

[5] In fact, I raised the issue *sua sponte* during mid-trial proceedings after inquiring and confirming that plaintiff had no further business during the mid-trial proceedings.

[6] Additionally, the inmate witness  presumably would be vulnerable to impeachment , *inter alia*, under Fed.R.Evid. 609.

the findings of fact, conclusions of law, and orders entered by me from the bench in

open court during mid-trial proceedings conducted February 13, 2006.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**