**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-00118-REB-BNB

RALPH GAMBINA,

    Plaintiff,

v.

MICHAEL DEVER, and
FRANK CHAVARRIA,

    Defendants.

---

**ORDER DENYING MOTION FOR JUDGMENT UNDER RULE 50**

**Blackburn, J**

    This matter is before me on the defendants' motion for judgment as a matter of law under FED. R. CIV. P. 50(a)(1) and (2). The defendants' motion was made orally during the trial of this case, and thus the motion itself does not have a docket number. At the conclusion of the jury trial in this case, the defendants sought to reassert their Rule 50 motion, and I directed the parties to file briefs on the two issues addressed in this order. The defendants submitted a brief in support of their motion [#97], and the plaintiff filed a response brief [#101] on March 10, 2006. I deny the defendants' motion.

**I. JURISDICTION**

    I have federal question jurisdiction over this case under 28 U.S.C. § 1331.

## II.  STANDARD OF REVIEW

Under Rule 50(a)(1), the court may grant a motion for judgment as a matter of law when a party has been heard fully on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.

## III.  BACKGROUND

The plaintiff, Ralph Gambina, is a prisoner in the United States Penitentiary Administrative Maximum at Florence, Colorado.  This facility is operated by the United States Bureau of Prisons (BOP).  Gambina alleged in his complaint that the defendants violated his Eighth Amendment right against cruel and unusual punishment when the defendants used excessive force against Gambina.  The incident in question took place on August 27, 1998.  This case was tried to a jury on February 13 through 15, 2006.  The jury found that both defendants used excessive force against Gambina, in violation of Gambina's Eighth Amendment rights.  The jury did not award damages, and the parties stipulated to an award of nominal damages in the amount of one dollar.

Throughout this case the defendants have argued that Gambina's complaint must be dismissed because 1) Gambina did not exhaust his administrative remedies before filing this lawsuit, as required by 42 U.S.C. § 1997e(a); and 2) Gambina's claims are barred by the applicable statute of limitations.  A two year period of limitations is applicable to Gambina's Eighth Amendment claims.  ***Indust. Constructors Corp. v. U.S. Bureau of Reclamation***, 15 F.3d 963, 968 (10th Cir. 1994) (***Bivens*** claim subject to statute of limitations applicable to general personal injury claims in state where ***Bivens*** claim arose); §13-80-102, C.R.S.  I rejected both of these arguments in my Order Denying Defendants' Motion to Dismiss [#19], filed July 30, 2004.

The defendants argue now that Gambina failed to establish at trial that he has exhausted his administrative remedies, that equitable tolling is applicable to the deadline for exhaustion of administrative remedies, or that equitable tolling tolled the applicable statute of limitations.

## IV.  EQUITABLE TOLLING

Gambina argues that equitable tolling should be applied to toll the deadline for his exhaustion of administrative remedies, and to toll the statute of limitations.  In a **Bivens**[1] action, such as this case, Colorado's equitable tolling rules are applicable. **Garrett v. Fleming**, 362 F.3d 692, 697 (10th Cir. 2004).  Equitable tolling is applicable under Colorado law when 1) the defendant's wrongful conduct prevented compliance with the statutory periods; or 2) the plaintiff did not timely file his claims because of extraordinary circumstances.  **Dean Witter Reynolds, Inc. v. Hartman**, 911 P.2d 1094, 1096 - 1097 (Colo. 1996).  Extraordinary circumstances are a basis for equitable tolling because "it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible."  *Id*. at 1097.  Equitable tolling is, of course, an equitable doctrine.  The applicability of equitable tolling is a determination that properly is made by the court, rather than a jury.  The facts presented at trial are entirely consistent with the facts on which I relied in my Order Denying Defendants' Motion to Dismiss [#19], filed July 30, 2004.  In that order, I concluded that equitable tolling is applicable to Gambina's claims in this case.

---

[1]  So named after ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Gambina argues that extraordinary circumstances prevented him from timely filing his claim, and that equitable tolling should be applied to toll both his administrative remedy deadline and the statute of limitations. I agree. I briefly outline below the basis on which I find that equitable tolling is applicable to Gambina's claims. These facts, including citations to the record in this case, are outlined in greater detail in my July 30, 2004, order, and in the defendants' brief [#97], and the plaintiff's response [#101].

After the August 27, 1998, incident Gambina filed a request for administrative remedy on September 21, 1998. The warden responded on October 26, 1998, indicating that Gambina's allegations had been referred to the appropriate investigative authority. Gambina received no further response to his administrative remedy request, and he filed his first lawsuit concerning the August 27, 1998, incident on November 12, 1998. When Gambina filed his first lawsuit, it was well established under Tenth Circuit law that a prisoner in plaintiff's circumstances did not need to exhaust administrative remedies before filing a **Bivens** action. **See Garrett v. Hawk**, 127 F.3d 1263, 1267 (10th Cir. 1997).

On May 29, 2001, the Supreme Court issued its opinion in **Booth v. Churner**, 532 U.S. 731 (2001). The Court held that exhaustion of prison administrative remedies is a non-jurisdictional, condition precedent to litigation in federal court regardless of the relief requested. **Id**. at 741. **Booth** changed significantly the requirements for filing a suit such as Gambina's. **Booth** effectively overruled **Garrett**.

On August 27, 2001, the Magistrate Judge recommended that Gambina's first suit be dismissed without prejudice to permit Gambina to exhaust his administrative remedies. **Gambina v. Dever**, No. 98-cv-02536 (D. Colo. Aug. 27, 2001), recommendation of Magistrate Judge [#78]. The Magistrate Judge concluded that

equitable tolling was applicable to the deadlines for Gambina's filing of a request for administrative remedy. On August 23, 2002, I adopted the Magistrate Judge's recommendation for dismissal without prejudice, but declined to adopt his recommendation concerning equitable tolling on the ground that the issue was not ripe. *Id*., order [#84].

Gambina was represented by his current counsel when his first case was dismissed, and my order of dismissal was mailed by this court to Gambina's counsel. Gambina's counsel has included with Gambina's latest brief a copy of a letter indicating that my August 23, 2002, order of dismissal was mailed to Gambina on September 12, 2002. *Gambina's Response to Defendants' Rule 50 Motion* [#101], filed March 10, 2006, p. 4 & Exhibit D. Twelve days later, on September 24, 2002, Gambina again filed a request for administrative remedy concerning the August 27, 1998, incident. His requests for administrative review were rejected as untimely at each level of review because his request for relief was not received within 20 days of the relevant event. *Complaint*, Exhibit C; *Trial exhibits* 17-3, 17-4, 17-6, 17-8, 17-10. The final response from the Central Office of the Federal Bureau of Prisons was issued on December 18, 2002. Gambina filed his complaint in this case on January 17, 2003.

The defendants note that a BOP regulation requires a prisoner to file an administrative grievance within twenty days after an incident. 28 C.F.R. § 542.14(a). They argue that Gambina's September 24, 2002, filing was late because it was filed 32 days after Gambina's first case was dismissed on August 23, 2002. Further, the defendants note that Gambina's claim arose on August 27, 1998, and the two year statute of limitations expired on August 26, 2000, absent some basis for tolling of the period of limitations. The defendants cite Colorado case law holding that when a

5

lawsuit is dismissed without prejudice, as was Gambina's first lawsuit, the pendency of that suit does not toll the period of limitations. Absent some basis for tolling these time periods, Gambina's claims are barred ostensibly both because he failed to exhaust his administrative remedies and because the period of limitations had expired before he filed his complaint in this case.

I conclude that equitable tolling is applicable to both the deadline for filing a request for administrative relief after Gambina's first case was dismissed, and to the two year statute of limitations. Again, extraordinary circumstances are a basis for equitable tolling because "it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible." **Dean Witter**, 911 P.2d at 1097. Having reviewed the entire record in this case, including the trial record, I find that extraordinary circumstances delayed Gambina's efforts to exhaust his administrative remedies, and to file this suit in a timely fashion. Despite these circumstances, Gambina promptly and consistently made good faith efforts to pursue the claims he asserted in his complaint in this case. Gambina, like many other inmate litigants, reasonably relied on the law stated in **Garrett v. Hawk**, 127 F.3d 1263, 1267 (10th Cir. 1997), when he filed his first lawsuit. The **Garrett** rule changed dramatically when the Supreme Court issued its opinion in **Booth v. Churner**. Of course, Gambina had no control over this fundamental change in the rules applicable to his efforts to prosecute his Eighth Amendment claims.

After Gambina learned that his first case had been dismissed based on this change in the rules, Gambina promptly and in good faith followed the procedures mandated by the Supreme Court and this court. Gambina did not learn of the dismissal for about three weeks after the dismissal order was entered due to circumstances that

6

were entirely out of Gambina's control.  In the context of this case, this brief delay also constitutes extraordinary circumstances.  Thus, I conclude that the deadline for filing Gambina's requests for administrative relief, which requests he filed after his first suit was dismissed, were equitably tolled, and did not expire until 20 days after Gambina received my August 29, 2002, order.  Gambina filed his request for administrative relief 12 days after my order was mailed to Gambina, and that request was timely filed.  With the application of equitable tolling, Gambina timely sought to exhaust his BOP administrative remedies, as required by 42 U.S.C. § 1997e(a).

Gambina filed his first lawsuit shortly after the August 27, 1998, incident.  When Gambina was directed to attempt to exhaust his administrative remedies, he promptly undertook that effort.  After Gambina exhausted his administrative remedies, he promptly filed his complaint in this case.  The delay in that filing was caused by extraordinary circumstances outside of Gambina's control, including the significant change in the law wrought by *Booth*, the delay in Gambina's receipt of notice that his first case was dismissed, and the time required for Gambina to exhaust his administrative remedies.  Gambina endured these circumstances, and sedulously and promptly sought to prosecute his claims in this case.  In light of Gambina's consistent, good faith efforts to pursue his claim, it is unfair to penalize him for the delay caused by circumstances entirely outside of his control.  Thus, I conclude that the two year statute of limitations applicable to Gambina's claims was tolled equitably until the date he filed the present case, January 17, 2003.  With the application of equitable tolling, this case was filed within the applicable period of limitations.

## V.  CONCLUSION & ORDERS

> Should a court apply the statute of limitations rigidly in all circumstances, rather than promoting justice, the statute of limitations would then become an effective instrument for injustice. When this situation occurs, trial courts properly may ... fashion an equitable exception to the statutory limitation period.

*Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 854 (Colo.1992) (internal quotation and citation omitted).  In this case, an equitable exception to the relevant limitations periods is appropriate based on the delay caused by extraordinary circumstances outside of Gambina's control, and Gambina's consistent good faith efforts to pursue his claims.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendants' motion for judgment as a matter of law under FED. R. CIV. P.  50, which was made orally during the trial of this case, is **DENIED**;

2.  That **JUDGMENT SHALL ENTER** consistent with the jury verdict [#92 (redacted) & [#93] (sealed)] and the court's orders entered orally at the conclusion of the trial [#90], both filed February 15, 2006.

Dated March 30, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**